IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:21-cv-35

| | | |
|---|---|---|
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY; and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **COMPLAINT FOR** **DECLARATORY JUDGMENT** |
| YELLOW DOT, INC., d/b/a Yellow Dot Heating & Air Conditioning; DEBORAH HALAS, individually and in her capacity as Co-Administrator of the Estate of JOHN MICHAEL HALAS, deceased; BRETT HALAS, individually and in her capacity as Co-Administrator of the Estate of JOHN MICHAEL HALAS, deceased; and MARGUERITTE HALAS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs Nationwide Property and Casualty Insurance Company ("Nationwide Property") and Nationwide Mutual Fire Insurance Company ("Nationwide Mutual"), pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201 *et seq.*, submit the following Complaint for Declaratory Judgment, and allege and say as follows:

**JURISDICTION**

1.     Nationwide Property is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Columbus, Ohio, and, with due authorization, is engaged in the business of issuing insurance policies in the State of North Carolina.

2. Nationwide Mutual is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Columbus, Ohio, and, with due authorization, is engaged in the business of issuing insurance policies in the State of North Carolina.

3. Defendant Yellow Dot, Inc., d/b/a Yellow Dot Heating and Air Conditioning ("Yellow Dot") is a North Carolina corporation, with its principal place of business located in Raleigh, Wake County, North Carolina.

4. Defendant Deborah Halas is a citizen and resident of Raleigh, Wake County, North Carolina.

5. Defendant Brett Halas is a citizen and resident of Mecklenburg County, North Carolina.

6. Defendant Margueritte Halas is a citizen and resident of Guilford County, North Carolina.

7. Defendants Deborah Halas and Brett Halas are the duly appointed and qualified Co-Administrators of the Estate of John Michael Halas and are acting in that capacity and in their individual capacities in the lawsuit commenced in Wake County Superior Court, North Carolina and captioned *Deborah Halas, individually, and in her capacity as Co-Administrator of the Estate of John Michael Halas, deceased, Brett Halas, individually, and in her capacity as Co-Administrator of the Estate of John Michael Halas, and Margueritte Halas v. Yellow Dot, Inc., d/b/a Yellow Dot Heating & Air Conditioning, Trane U.S. Inc. d/b/a American Standard, Inc., and Ingersoll-Rand Company*, bearing file number 18 CVS 5627 ("the Underlying Action").

2

8.     This Court has jurisdiction over the parties and subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship of the parties and the fact that the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00).

9.     Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) and (c)(2) because (a) Yellow Dot's principal office is located in Raleigh, Wake County, North Carolina; (b) it transacts business and contracts to supply services in Wake County, North County; (c) this declaratory judgment action concerns alleged tortious activity committed by Yellow Dot as to individuals and a property located in Wake County, North Carolina; (d) this declaratory judgment action concerns policies of insurance issued to Yellow Dot in Wake County, North Carolina; (e) Deborah Halas is a citizen and resident of Raleigh, Wake County, North Carolina; and (f) Defendants are subject to this Court's jurisdiction.

## UNDERLYING ACTION

10.     The Underlying Action was commenced on May 24, 2018.  A true and accurate copy of the Complaint filed in the Underlying Action is attached hereto as Exhibit 1.

11.     In the Complaint in the Underlying Action, Defendant Deborah Halas and Defendant Brett Halas, in their individual and Co-Administrator capacities, and Defendant Margueritte Halas (collectively "plaintiffs" or the "Halas Defendants") allege, *inter alia*, the following:

a.     "This Action seeks to recover damages suffered by Plaintiffs as a result of mold exposure originating from a faulty TRANE XR15 air conditioning & heating

(HVAC) pump unit installed and serviced by Yellow Dot Heating and Air Conditioning at the Halas home." (¶ 1)

        b.  "Plaintiffs contend that the Defendants are liable for personal injuries and emotional distress incurred, and the subsequent wrongful death of Mr. Halas, as a direct and proximate result of this mold exposure. Plaintiffs also contend that Defendants are liable for pecuniary and consequential losses, diminution in the value of their home, personal property and other damages as a result of the toxic exposures which were caused by the Defendants through their manufacture, distribution, marketing, sale, recommendation for use and/or installation and maintenance of the TRANE HVAC pump system." (¶ 1)

        c.  [P]laintiffs' property is a single family home located in Raleigh, North Carolina, which was owned by John Michael Halas ("Mr. Halas") and Deborah Halas ("Mrs. Halas). (¶ 22).

        d.  On or about April 28, 2015, John Michael Halas and Yellow Dot entered into a purchase and sale agreement for the XR15 TRANE HVAC pump system to be installed at plaintiffs' property. Yellow Dot guaranteed to install all materials in a workmanlike manner. (¶ 26)

        e.  "In July 2016, Mr. Halas contacted Yellow Dot about his concerns about the indoor air quality. During one technician visit it was seen that the fan housing unit was saturated with moisture but no further investigation was performed at that time." (¶ 39)

        f.  "On or about August 10, 2016, Yellow Dot technician and Mr. Halas inspected the supply duct work with a borescope. It was seen at that time a powdery white mold was accumulating near the indoor air handler." (¶ 43)

g. "In August 2016, Mr. Halas further communicated to Yellow Dot that he has seen other mold species present (black molds) in the duck [sic] work as well." (¶ 44)

h. "On August 16, 2016, Mr. Halas was diagnosed with acute and chronic hypersensitivity pneumonitis due to mold." (¶ 60)

i. "Mrs. Halas has been damaged due to her exposure to mold and subsequent lung deterioration. Furthermore, Deborah has been damaged because her home is currently contaminated with mold, is unfit for human habitation, and requires expensive remediation." (¶ 69)

## NATIONWIDE PROPERTY POLICIES (CGL Policies)

12. Defendant Yellow Dot is the named insured on Commercial General Liability Policies ACP GLKO 3027098265 (effective 3/31/15 to 3/31/16) and ACP GLKO 3037098265 (effective 3/31/16 to 3/31/17) (collectively the "CGL Policies") issued by Nationwide Property. True and certified copies of the CGL Policies are attached hereto as Exhibits 2 and 3.

13. The CGL Policies provide liability coverage ("Coverage A") for "bodily injury" or "property damage" caused by an "occurrence", that takes place in the coverage territory, and the "bodily injury" or "property damage" occurs during the policy period.

14. The CGL Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

15. The CGL Policies define "property damage" as:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

5

16.     The CGL Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

17.     To the extent the Halas Defendants have alleged damages in the Underlying Action that do not qualify as "bodily injury" or "property damage" arising out of an "occurrence" as those terms are defined in the CGL Policies, said damages are not covered under Coverage A of the CGL Policies.

18.     The Halas Defendants have not alleged that they have sustained any "personal and advertising injury" as that term is defined in the CGL Policies and, therefore, there is no coverage under Coverage B of the CGL Policies.

19.     The CGL Policies contain a "Fungi or Bacteria Exclusion" (Form CG 21 67 12 04), which provides that:

**A. 2.  Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

a.  "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b.  Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B. 2.  Exclusions**

6

This insurance does not apply to:

**Fungi or Bacteria**

a. "Personal and advertising injury" which would not have occurred in whole or in part but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

C. The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

20.  In the Underlying Action, the Halas Defendants allege that they sustained "bodily injury" and "property damage" proximately caused by mold.   The Fungi or Bacteria Exclusion defines "fungi" to include mold.  Accordingly, the damages and injuries alleged by the Halas Defendants in the Underlying Action are expressly excluded by the Fungi or Bacteria Exclusion.

21.  The CGL Polices also contain the following exclusions:

**j.  Damage to Property**

"Property damage" to:

(1)  Property you own, rent or, occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

\*\*\*

7

**(5)** That particular part of any real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\*\*\*

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

22.     The exclusions contained in the preceding paragraph apply to bar in whole or in part coverage for some of the claims alleged in the Underlying Action.

23.     The CGL Policies contain an "Expected Or Intended Injury" exclusion applicable to Coverage A.  To the extent the injuries and damages complained of in the Underlying Action were intended or expected from the standpoint of the insured, they are barred from coverage by the CGL Policies' "Expected or Intended Injury" Exclusion.

## NATIONWIDE MUTAL POLICIES (Umbrella Policies)

24.     Defendant Yellow Dot Heating & Air Conditioning is the named insured on Commercial Umbrella Policies ACP CAF 3027098265 (effective 3/31/15 to 3/31/16) and ACP CAF 3037098265 (effective 3/31/16 to 3/31/17) (collectively the "Umbrella Policies") issued by Nationwide Mutual.  True and certified copies of the Umbrella Policies are attached hereto as Exhibits 4 and 5.

25.     Coverage A ("Excess Follow Form Liability Insurance") of the Umbrella

Policies provides potential liability coverage in excess of the "underlying insurance".  The

"underlying insurance" is the CGL Policy in effect for that policy period.  The terms and

conditions of "underlying insurance" are, with respect to Coverage A, made a part of the

Umbrella Policy except with respect to any contrary provision contained in the policy or any

provision in the policy for which a similar provision is not contained in the "underlying

insurance".  If the "underlying insurance" does not cover the loss for any reason other than the

exhaustion of an aggregate limit of insurance by payments of claims, then the loss is not covered.

26.     Because the "underlying insurance", i.e., the CGL Policies in effect for

that policy period, do not provide coverage for any claims asserted in the Underlying Action,

Coverage A of the Umbrella Policies likewise provides no coverage for these claims.

27.     Because the terms and conditions of the CGL Policies, including the

"Fungi or Bacteria", the Damage to Property (j.5 and 6), Damage to Your Product (k) and

Damage to Your Work (l) exclusions are made a part of the Umbrella Policies, these exclusions

bar coverage for the claims asserted in the Underlying Action.

28.      To the extent Plaintiffs have alleged injuries or damage in the Underlying

Action that do not satisfy the definitions contained in the CGL Polices and/or definitions

identified in the Umbrella Polices, including but not limited to "bodily injury", "property

damage", "occurrence", or "personal and advertising injury", no coverage exists under

Coverages A or B of the Umbrella Polices for these claims.

29.     The Umbrella Policies contain a "Fungi or Bacteria Exclusion" applicable

to Coverages A and B that excludes coverage for the following:

> a.      "Injury or damage"; "bodily injury", "property damage" or
>         "personal and advertising injury" which would not have occurred,

9

in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such "injury or damage", "bodily injury", "property damage", or "personal and advertising injury".

b.     Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediation or disposing of, or in any way responding to, or assessing the effects of "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

30.     The Umbrella Policies define "Fungi" as "any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi."

31.     The damages and injuries alleged by plaintiffs in the Underlying Action are expressly excluded by the Umbrella Policies' Fungi or Bacteria Exclusion.

32.     The Umbrella Policies contain an "Expected Or Intended Injury" exclusion applicable to Coverage B.  To the extent the injuries and damages complained of in the Underlying Action were expected or intended from the standpoint of the insured, they are barred from coverage by the Umbrella Policies' "Expected or Intended Injury" Exclusion.

33.     The Umbrella Policies contain Damage to "Your Product" and Damage to "Your Work" exclusions applicable to Coverages A and B which apply in whole or in part to bar coverage for the claims related to "property damage" in the Underlying Action.

34.     The Umbrella Policies contain "Damage to Property" Exclusions applicable to Coverage A which, among other things, bar coverage (1) for injury or damage to property you own, rent or, occupy, including any costs or expenses incurred by you, or any other

10

person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property; (2) that particular part of real property on which the named insured or any contractors or subcontractors working directly on the named insured's behalf are performing operations, if the "injury or damage" arises out of those operations, and (3) to that particular part of any property that must be restored or replaced because "your work" as defined in the "underlying insurance" was incorrectly performed on it. These exclusions apply in whole or in part to bar coverage for claims asserted in the Underlying Action.

35.     The Umbrella Polices contain a "punitive damages" exclusion which would bar coverage for any punitive or exemplary damages claimed or awarded in the Underlying Action.

## DECLARATORY RELIEF

36.     Nationwide Property is providing a defense to Yellow Dot in the Underlying Action under a reservation of rights that includes, but is not limited to, the right to deny coverage and/or file an action to determine the rights and obligations of the parties under the CGL and Umbrella Policies.

37.     Nationwide Property and Nationwide Mutual have no duty to defend or indemnify Yellow Dot or any other party for existing claims asserted against them in the Underlying Action.

38.     A genuine, actual and justiciable controversy between the parties to this action has arisen and presently exists concerning whether there is coverage under the CGL Policies and the Umbrella Policies for the claims alleged in the Underlying Action and

Nationwide Property and Nationwide Mutual are entitled to a declaratory judgment as to their obligations and liabilities under their respective policies.

39.     Nationwide Property and Nationwide Mutual are entitled to a declaration that they have no duty to defend or indemnify Yellow Dot for the claims asserted in the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Nationwide Property and Nationwide Mutual respectfully pray that:

1.     The Court enter a Judgment declaring that Nationwide Property and Nationwide Mutual have no duty or obligation under the CGL Policies or the Umbrella Policies to make any payment for any sums for any settlement, verdict, or Judgment that may be entered in the Underlying Action, and that Nationwide Property and Nationwide Mutual have no duty or obligation to provide a defense for any of the claims alleged in the Underlying Action;

2.     The costs of this action be taxed against parties other than Plaintiffs; and

3.     Nationwide Property and Nationwide Mutual have such other and further relief as the Court shall deem just and proper.

This the 22nd day of January, 2021.

BAILEY & DIXON, LLP

By: **/s/** David S. Coats

David S. Coats, NC State Bar # 16162
dcoats@bdixon.com
Philip A. Collins, NC State Bar #29153
pcollins@bdixon.com
Attorneys for Plaintiffs Nationwide Property and
Casualty Insurance Company and Nationwide Mutual Fire
Insurance Company
Post Office Box 1351
Raleigh, North Carolina 27602-1351
Telephone: (919) 828-0731
Facsimile: (919) 828-6592

13